# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

TONYA BURKS,

             Plaintiff,

    v.

WESTLAND HACIENDA HILLS, LLC,

             Defendant.

Case No. 2:19-cv-02168-RFB-DJA

**ORDER**

       This matter is before the Court on pro se Plaintiff Tonya Burks' Motion/Application for Leave to Proceed *in forma pauperis* (ECF No. 1), filed on December 17, 2019. She subsequently filed an Amended Application (ECF No. 5) and Amended Complaint (ECF No. 5-1), on March 10, 2020. The Court will deny as moot her initial application and complaint and review her amended application and amended complaint now.

**I.**    *In Forma Pauperis* **Application**

       Plaintiff filed the affidavit required by § 1915(a). (ECF No. 5). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the Amended Complaint (ECF No. 5-1) on the docket. The Court will now review Plaintiff's Amended Complaint.

**II.**    **Screening the Amended Complaint**

       Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the

1 | complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In this case, Plaintiff attempts to bring a housing discrimination claim under the Fair Housing Act and Title I of the Americans with Disabilities Act. She claims that she suffered harassment by another tenant, complained to management of Westland, but that they did not take action to accommodate her by relocating her to another building and unit and she suffered over $75,000 in damages. As such, she claims discrimination on the basis of race and disability. While a thin showing on the elements of a housing discrimination claim, the Court finds the allegations in the Amended Complaint sufficient to survive the screening process given Plaintiff's status as a *pro se* litigant.[1]

**III. Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* (ECF NO. 1) is **denied as moot**.
2. Plaintiff's request to proceed *in forma pauperis* (ECF NO. 5) is **granted**. Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.
3. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (ECF No. 5-1) on the docket.
4. The Clerk of the Court shall issue Summons to Defendant and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the amended complaint (ECF No. 5-1) to the U.S. Marshal for service.

---

[1] When the Court screens a complaint, it does so without the benefit of an adversarial presentation. *Cf. Buchheit v. Green*, 705 F.3d 1157, 1161 (10 Cir. 2012). As such, nothing herein prevents Defendant from filing a motion to dismiss.

5. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[2] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

6. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

7. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED: March 26, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.