FILED
SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 10 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

TONYA K. BURKS
4199 Canal Circle
Las Vegas, Nevada 89122
702-817-8766
725-261-1452
BURKS.TONYA3@GMAIL.COM
*In Proper Person*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TONYA K. BURKS,

    Plaintiffs,

vs.

Westland Hacienda Hills, LLC dba Westland Apartments dba La Ensenda Villas Apartment dba Westland Property, and ROES I through X, Inclusive,

    Defendants.

Case No.: 19cv2168

## Amended COMPLAINT

COMES NOW, Plaintiff, TONYA K. BURKS (hereinafter referred to as "BURKS"), in proper person, complains and alleges against NEVADA H.A.N.D., INC. as follows:

## THE PARTIES

1) At all relevant times, BURKS was a resident of Las Vegas, Nevada, a former resident of Boulder Pines, and BURKS currently resides in Las Vegas, Nevada.

2) BURKS is an African American female and is currently ____-year-old.

3) Defendant Westland Hacienda Hills, LLC dba Westland Apartments dba La Ensenda Villas Apartment dba Westland Property is a domestic Nevada corporation, properly registered to do business in the State of Nevada.

or sell **housing**, refuse to negotiate for **housing**, otherwise make **housing** unavailable, pursuant to the Fair Housing Act.

5) Defendant is required to comply with all state and federal statutes and laws prohibiting and/or denying accommodations to a disabled person.

6) Doe Defendants I through X, inclusive, and Roe Corporation Defendants I through X, inclusive, are unknown at the present and thus sued by BURKS in such fictitious names. BURKS alleges, however, that said Defendants are in some manner responsible for the damages sustained by BURKS and that said Defendant will be named with particularity once their identities are known. At such time, BURKS will seek leave of Court to state more fully therein the names, and acts of such said Defendants.

7) The acts and omissions alleged hereafter occurred within Clark County, State of Nevada.

## JURISDICTION AND VENUE

8) This action is brought pursuant to Fair **Housing** Act of 1968, amended 1988, and the Americans with Disabilities Act of 1990. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

9) These claims are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution. As such, these claims are properly within the Court's jurisdiction pursuant to 28 USC § 1367(a).

10) Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), as Defendant was conducting business in Nevada and the unlawful failure to accommodate practices complained of arose out of the District of Nevada.

11) The State of Nevada Secretary of State has NEVADA H.A.N.D., INC. listed as an active domestic Nevada Corporation.

12) Burks has satisfied all administrative and jurisdictional conditions precedent to filing this Complaint.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

13) Plaintiffs repeat and re-allege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

14) The Fair Housing Act makes it unlawful for a houser to discriminate against any tenant "because of race, color, religion, sex, disability, familial status, or national origin."

15) The Americans with Disabilities Act requires a houser to accommodate disabled tenants.

16) Burks suffered while residing at Boulder Pines located in Las Vegas, Nevada because of a hostile tenant in a nearby unit.

17) Burks complained to the management of Boulder Pines and requested to be moved or have the other tenant moved, and the request was never accommodated.

18) The conflict between Burks and the other tenant in the same building at Boulder Pines was severe and/or pervasive because it was explicit, blunt and crass and because it occurred over an extended period of time.

19) Defendant knew of Burk's complaints of continual harassment, or should have known, and did nothing to stop or properly remediate Burk's complaint of harassment and continued fear to reside in the building.

20) That Burks was not properly accommodated.

21) The harassment suffered by Burks at the hands of management was subjectively and objectively offensive, hostile and abusive. Burks did not invite this conduct, it was completely unwelcome, and she repeatedly requested that it stop.

22) The continual harassment that Burks was forced to endure at the hands of Defendant's management negatively affected the terms, conditions and/or privileges of her lease agreement

because she was not properly accommodated under the Americans with Disabilities Act, and subsequently created a violation under the Unfair Housing Act.

23) The constant harassment of a hostile, abusive and harassing nature by Burk's tenant neighbors would detrimentally affect any reasonable person.

24) Defendant discriminated against Burks by permitting an ongoing pattern and practice of harassment and retaliation, by maintaining a hostile housing environment, and failed to accommodate her.

25) The Federal Trade Commission Act states that **unfair** and deceptive practices affecting commerce are unlawful.

26) Defendants' above referenced acts were fraudulent, malicious, oppressive and done with the intent to harm Burks. Consequently, Burks seeks an award of punitive damages in an amount sufficient to punish and deter Defendants from harming others similar situated.

27) BURKS has been forced to procure the services of an attorney to represent her in this matter and, pursuant to 42 U.S.C. §2000e-5 she is entitled to her attorneys' fees and costs as a result of Defendants' acts.

## FIRST CLAIM FOR RELIEF

### (VIOLATION OF THE AMERICAN DISABILITIES ACT OF 1990)

28) As a direct and proximate result of Defendant's violation of The Unfair Housing Act and American with Disabilities Act, Burks suffered harassment, unwillingness of management to accommodate her, humiliation, embarrassment, and loss of self-esteem in an amount in excess of $75,000 and to be determined at trial. Therefore, Burks seeks all legal and equitable remedies available at law.

29) The Americans with Disabilities Act ("ADA") The Fair Housing Act, as amended in 1988, prohibits housing discrimination on the basis of race, color, religion, sex, disability, familial status, and national origin. Its coverage includes private housing, housing that receives Federal financial assistance, and State and local government housing. It is unlawful to discriminate in any aspect of selling or renting housing or to deny a dwelling to a buyer or renter because of the disability of that individual, an individual associated with the buyer or renter, or an individual who intends to live in the residence. Other covered activities include, for example, financing, zoning practices, new construction design, and advertising.

30) The Fair Housing Act requires owners of housing facilities to make reasonable exceptions in their policies and operations to afford people with disabilities equal housing opportunities. The Fair Housing Act also requires landlords to allow tenants with disabilities to make reasonable access-related modifications to their private living space, as well as to common use spaces. The Act further requires that new multifamily housing with four or more units be designed and built to allow access for persons with disabilities.

31) That the housing unit and building was properly accommodated; however, management was fully aware of the dispute between tenants in the same building and knowing that Plaintiff was disabled they failed to accommodate her by relocating her to another building and unit.

32) All conditions precedent to the institution of this lawsuit has been fulfilled.

33) Defendant has engaged in unlawful discrimination practices in violation of Fair **Housing** Act of 1968, amended 1988.

34) Defendant has engaged in unlawful failure to accommodate practices in violation of the American with Disabilities Act of 1990.

35) The effect of Defendant's practices complained of above has been to deprive Plaintiff of equal employment opportunities as set forth previously herein and has otherwise adversely affected Plaintiff because of her race and disability.

36) As a direct and proximate result of Defendant's intentional discrimination and failure to accommodate, Plaintiff has sustained and suffered damages within the jurisdictional limits of this Court for which she seeks recovery pursuant to Title I of the Americans with Disability Act of 1990, as amended, 42 U.S.C. 12102 including, but not limited to:

   a) Mental and emotional distress, anxiety, fear and anguish in the past and into the indefinite future;
   b) Physical pain and suffering together with medical bills associated with same in the past and into the indefinite future;
   c) Damage to her reputation;
   d) Loss of enjoyment of life in the past and into the indefinite future; and
   e) Costs and legal fees, as a result of being forced to file this suit.

Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff in engaging in retaliation against Plaintiff as set forth previously herein and, accordingly, Plaintiff is entitled to punitive damages pursuant to Title I of the Americans with Disability Act of 1990, as amended, 42 U.S.C. 12102.

37) Defendants' above referenced acts were fraudulent, malicious, oppressive and done with the intent to harm Burks. Consequently, Burks seeks an award of punitive damages in an amount sufficient to punish and deter Defendants from harming other similarly situated employees.

38) BURKS has been forced to procure the services of an attorney to assist her in this matter and is entitled to her attorney's fees and costs as a result of Defendant's acts.

## SECOND CLAIM FOR RELIEF

## (VIOLATION OF THE FAIR HOUSING ACT)

39) As a direct and proximate result of Defendant's violation of The Unfair Housing Act and American with Disabilities Act, Burks suffered harassment, unwillingness of management to accommodate her, humiliation, embarrassment, and loss of self-esteem in an amount in excess

of $75,000 and to be determined at trial. Therefore, Burks seeks all legal and equitable remedies available at law.

40) The Fair Housing Act prohibits discrimination based on race, color, national origin, religion, sex, familial status, and disability.

41) The Fair Housing Act requires owners of housing facilities to make reasonable exceptions in their policies and operations to afford people with disabilities equal housing opportunities. The Fair Housing Act also requires landlords to allow tenants with disabilities to make reasonable access-related modifications to their private living space, as well as to common use spaces. The Act further requires that new multifamily housing with four or more units be designed and built to allow access for persons with disabilities.

42) That the housing unit and building was properly accommodated; however, management was fully aware of the dispute between tenants in the same building and knowing that Plaintiff was disabled they failed to accommodate her by relocating her to another building and unit.

43) All conditions precedent to the institution of this lawsuit has been fulfilled.

44) Defendant has engaged in unlawful discrimination practices in violation of Fair **Housing** Act of 1968, amended 1988.

45) Defendant has engaged in unlawful failure to accommodate practices in violation of the American with Disabilities Act of 1990.

46) The effect of Defendant's practices complained of above has been to deprive Plaintiff of equal employment opportunities as set forth previously herein and has otherwise adversely affected Plaintiff because of her race and disability.

47) As a direct and proximate result of Defendant's intentional discrimination and failure to accommodate, Plaintiff has sustained and suffered damages within the jurisdictional limits of this Court for which she seeks recovery pursuant to the Fair Housing Act including, but not limited to:

a) Mental and emotional distress, anxiety, fear and anguish in the past and into the indefinite future;

b) Physical pain and suffering together with medical bills associated with same in the past and into the indefinite future;

c) Damage to her reputation;

d) Loss of enjoyment of life in the past and into the indefinite future; and

e) Costs and legal fees, as a result of being forced to file this suit.

Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff in engaging in retaliation against Plaintiff as set forth previously herein and, accordingly, Plaintiff is entitled to punitive damages pursuant to the Fair Housing Act.

48) Defendants' above referenced acts were fraudulent, malicious, oppressive and done with the intent to harm Burks. Consequently, Burks seeks an award of punitive damages in an amount sufficient to punish and deter Defendants from harming other similarly situated employees.

49) Burks has been forced to procure the services of an attorney to assist her in this matter and is entitled to her attorney's fees and costs as a result of Defendant's acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against the Defendants as follows:

1. For a trial by jury;
2. For compensatory and punitive damages;
3. Prejudgment interest;
4. Reasonable attorneys' fees and costs; and
5. For such other relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), 42 U.S.C. §1981a(c)(1), and the Seventh Amendment of the United States Constitution, Burks hereby demands a jury trial.

1  DATED this ___ day of December 2019.

                                    TONYA K. BURKS
                                    4199 Canal Circle
                                    Las Vegas, Nevada 89122
                                    702-817-8766
                                    725-261-1452
                                    BURKS.TONYA3@GMAIL.COM
                                    *In Proper Person*