UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TONYA BURKS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WESTLAND HACIENDA HILLS, LLC,<br><br>　　　　　　　Defendant. | Case No. 2:19-cv-02168-RFB-DJA<br><br>**ORDER** |

　　　　This matter is before the Court on *pro se* Plaintiff Tonya Burks' Motion for Leave to File Second Amended Complaint (ECF No. 9), filed on June 26, 2020.  The Court previously granted her *in forma pauperis* status and issued a screening order permitting her to proceed on the Amended Complaint on March 26, 2020.  (ECF No. 6).  She has yet to complete service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  However, she seeks leave to file a Second Amended Complaint.

　　　　A party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) . . . 21 days after service of a motion under Rule 12(b) . . ." Fed.R.Civ.P. 15(a)(1).  In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." *Id.* at (a)(2).

　　　　As Plaintiff has not yet completed service on Defendant and thus, Defendant has yet to appear, the Court finds that it should grant her request to proceed on the Second Amended Complaint.  Like in her Amended Complaint, Plaintiff claims discrimination on the basis of race and disability in the Second Amended Complaint.  While a thin showing on the elements of a

housing discrimination claim, the Court finds the allegations in the Second Amended Complaint sufficient to survive the screening process given Plaintiff's status as a *pro se* litigant.[1]

**III.   Conclusion**

Accordingly, **IT IS ORDERED** that:

1. The Clerk's Office is **INSTRUCTED** to file Plaintiff's Second Amended Complaint (ECF No. 9-1) on the docket.

2. The Clerk of the Court shall issue Summons to Defendant and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the amended complaint (ECF No. 9-1) to the U.S. Marshal for service.

3. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[2] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

4. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

5. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not

---

[1] When the Court screens a complaint, it does so without the benefit of an adversarial presentation. *Cf. Buchheit v. Green*, 705 F.3d 1157, 1161 (10 Cir. 2012). As such, nothing herein prevents Defendant from filing a motion to dismiss.

[2] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED: June 29, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE